ARLINGTON CORP. *et al.* v. TORBERT.
ARLINGTON CORP. *et al.* v. WILLIS *et al.*

JENKINS, Chief Justice. The judgment of this court in the case of *Irwin v. Willis*, 202 *Ga.* 463 (43 S. E. 2d, 691), in which The Arlington Corporation was a named party defendant, is as follows: "The judgment is reversed on condition that the defendant, The Arlington Corporation, give the bond offered in its amendment of February 21, 1947, the bond to be approved by the court, and that said defendant comply with the other offers made in the said amendment; otherwise, the judgment to stand affirmed." In the above-referred-to amendment The Arlington Corporation voluntarily proposed, in lieu of the appointment of receivers, to: (a) Consent to an order restraining it from conveying, encumbering, or in anywise changing the status of the title to the Winecoff Hotel property, and from collecting the amounts due on the fire and other policies of insurance on said property. (b) To hold all rentals it might collect subject to the order of the court, paying out the same only for necessary expenses in preserving the property by the employment of watchmen, the payment of electric and other bills. (c) To give a good and sufficient bond in an amount to be determined by the court to cover any and all rentals which it might collect. (d) To see that the Winecoff Hotel property is properly preserved and protected, and, if necessary, to give a good and sufficient bond to insure the carrying out of this undertaking. (e) To consent to any other and further order which the court may, in its discretion, consider necessary and proper to preserve the status quo and protect the interests of all parties concerned. Upon the remittitur of this· court being made the judgment of the court below, the trial court entered an order setting forth the terms and conditions of the bond required, and other terms to carry into effect the additional proposals made by The Arlington Corporation. Exceptions in the instant cases are to the last-mentioned order, the contention being that the trial judge "misconstrued the offer

made by The Arlington Corporation in its amendment, or that he misunderstood the directions given by this court when it handed down its decision," and that the terms of said order which are excepted to each constitutes an abuse of judicial discretion. *Held:*

1. The ruling by this court in the case of *Irwin* v. *Willis*, supra, with respect to the propriety of the appointment of receivers, establishes the law of the case, and the judgment of conditional reversal therein handed down conclusively and finally determines that the receivership in this case shall properly continue unless and until The Arlington Corporation give bond to be approved by the trial judge, and supplement such bond by compliance with its additional offers set forth in its amendment of February 21, 1947.

2. Under the above judgment of this court, the trial court was required not only to approve bond by The Arlington Corporation, but it was also required to construe and give effect in its order to the various additional offers made by The Arlington Corporation. Accordingly, in fixing the amount of the bond, and in determining the propriety of any additional requirements that should be made under paragraph *"e"* of the defendant's offer, the trial court could properly have considered for this purpose undisputed evidence in the record which, together with new evidence submitted on the hearing to fix bond, established that W. H. Irwin, the husband of the principal defendant in these cases, had acquired all of the stock in The Arlington Corporation, which admittedly had been organized by him for the purpose of taking title to the Winecoff Hotel property, and which corporation now asserts ownership of said property under a deed from Mrs. Irwin. The record discloses the following circumstances surrounding this transaction. The total authorized stock in said corporation was $100,000. A Mr. Fox, who is manager of the Hanger Hotel, owned and operated by Irwin, subscribed for 70 percent of this stock, and various other persons subscribed for the remaining 30 percent. It appears that notes were executed, in payment for said stock, payable to Bank of Fulton County, and attached to the stock, which in turn had been endorsed in blank. These notes together with a promissory note from The Arlington Corporation were allegedly paid to Mrs. Irwin as the full consideration for the deed to the hotel property. It further appears that Mr. Irwin thereafter offered said notes for discount with the endorsed stock as collateral, and actually succeeded in discounting the smaller notes representing 30 percent of the stock, the proceeds of which were deposited to the credit of "Pilots Day and Nite Bank," which it was later developed was a private institution owned by Mr. Irwin and allegedly located in his pocket. At the hearing to fix the amount of bond under the terms of the offer made by The Arlington Corporation, further undisputed evidence disclosed that the stockholders' notes had become due and that the bank had charged them back to Irwin's account and delivered the notes and the stock certificates to him; and since he was already in possession of 70 percent of the stock thus endorsed in blank, which he held as collateral for past-due notes, he thereby acquired possession and control of the entire stock in said corporation. It would seem to follow that, in determining the question now presented as to whether or not the trial court has abused its dis-

cretion in fixing the terms and conditions of the bond and in construing the various other offers made by The Arlington Corporation, this court should give due weight, as the trial court was authorized to do, to the equitable considerations thus presented, and to bear in mind that the rights of The Arlington Corporation, are in equity no greater than the rights of W. H. Irrwin, the husband of Mrs. Annie Lee Irwin, who transferred title to said property to The Arlington Corporation under the foregoing circumstances.

3. The assignments of error may be grouped into two classes: first, those which relate to the conditions of bond; and second, those which relate to conditions in addition to bond. Of the first class, assignments of error 2 and 3 complain of those portions of the order which require that bond be given conditioned to "properly preserve and protect" the Winecoff Hotel property "against loss or damage by fire or other casualty," and also "against further deterioration and damage."

(a) Since the judgment of this court provided that the bond required should be approved by the trial court, and since even without authority to exercise discretion in the matter, it cannot be said that the above requirements are any broader in scope than the offer made by The Arlington Corporation to give bond "to insure the carrying out of its undertaking to see that the Winecoff Hotel property is properly preserved and protected," it follows that the contention of the plaintiffs in error that the trial court was without authority to require that the bond be so conditioned, and that it constitutes an abuse of discretion because it imposes an excessive burden upon The Arlington Corporation, is clearly without merit.

4. The assignments of error of the second class, five in number, relate to those portions of the order which require compliance with certain conditions, in addition to the giving of bond. The exceptions are to the following portions of the order, and will be hereafter referred to simply as exceptions in the numerical sequence as they appear in the bill of exceptions. Exception No. 1 is to the requirement that "The Arlington Corporation shall, within ten days from the date of this order, pay into the registry of this court the sum of $7426.11, representing the amount expended by the receivers for the preservation and protection of the Winecoff Hotel property since their appointment, which sum shall be held until the court can determine, upon an examination of the records of the receivers, the disposition to be made of the same." Exception No. 4 is to the provision that The Arlington Corporation pay "all taxes accrued against the Winecoff Hotel property which are now due and unpaid, including taxes assessed against the defendant, Mrs. Annie Lee Irwin, or any other person;" No. 5, to the provision that it pay "all past-due interest on the loan of the Life & Casualty Insurance Company of Tennessee secured by a deed to said property, if such performance be accepted by the insurance company;" No. 6, that "In the event Life & Casualty Insurance Company of Tennessee refused to accept payment of past-due interest, and such other performance as may be necessary to cure any default in said loan, but elects to declare the entire amount of said indebtedness, principal and interest, due, then The Arlington Corporation shall, within sixty days from this date, pay off and satisfy said loan in full;" and No. 7, to the further provision,

"reserving jurisdiction to reinstate the receivership as to such property of Mrs. Annie Lee Irwin or The Arlington Corporation in the event Life & Casualty Insurance Company of Tennessee shall hereafter give to the court notice of its intention to foreclose its lien on said hotel property."

(a) As to exception No. 1, above set forth, the court erred in unconditionally requiring The Arlington Corporation to pay the sum of $7426.11, as stated, for expenses incurred by the receivers in the preservation and protection of the Winecoff Hotel property, since under a reasonable construction the offer by the defendant corporation to pay expenses of such character was limited to be paid from "all rentals it might collect, subject to the order of the court." The court should have provided in its order that the defendant be permitted to receive and apply under supervision of the court such rentals as it might thus collect, and if the same should not be sufficient, then in like manner to receive and so apply under supervision of the court any additional funds arising from the property, or, as suggested in the brief of counsel for the plaintiffs in error, the court might in its discretion have required the defendant to advance any funds which might be necessary for the payment of such items, with the further provisions that the defendant "be reimbursed from rentals or from the proceeds of any sale of the property."

(b) As to exception No. 4, relating to the order to pay all taxes accrued against the Winecoff Hotel property which are now due and unpaid, including taxes assessed against Mrs. Irwin or any other person, as distinguished from subsequently accruing taxes, the payment of which is provided for by the bond and to which there is no exception, it was error to require unconditional payment by the defendant corporation of such taxes which had accrued before it purchased the property, since these taxes constituted an outstanding lien against the property at the time the defendant made its offer, and since preservation of the status quo would not require the removal of such then outstanding lien.

(c) As to exception No. 5 with respect to that portion of the order requiring the defendant corporation to pay all past-due interest on the loan therein described, if such performance be accepted by the lien-holding insurance company, we are of the opinion that, since the record shows without dispute that no interest was in default at the time the defendant made its offer, the language "all past-due interest" in the order excepted to necessarily refers to interest which thereafter became due. We consider that after-accruing interest should stand on the same basis as after-accruing taxes, and that the payment of such interest would be necessary to preserve the status quo, so that under paragraph *"e"* of the defendant's offer the trial court did not abuse its discretion in so requiring. See, in this connection, Bailey *v.* Bailey, 262 Mich. 215 (247 N. W. 160); Re Bruckheimer's Estate, 38 New York Supp. 2d, 246, 249.

(d) As to exception No. 6, wherein the defendant contends that it was error to require unconditional payment and satisfaction of "said loan in full in the event the insurance company lender should refuse to accept payment of past-due interest, but elects to declare the entire amount due," we think that this exception is well taken, since such requirement would do more than preserve the status quo, in that it would require the defendant to increase the assets by removing an encumbrance which was existing and outstanding at the time the offer was made. If the

trial court, under the discretion vested in it by paragraph *"e"* of the defendant's offer, should consider it to be in the best interest of all parties concerned, it would be authorized to permit the defendant corporation, or any other person whom the corporation might procure, to pay the full amount of said loan under the direction and conditions set forth above under exception No. 1, and obtain a transfer of such loan and its security, provided that in so doing the said defendant, or such other party so procured, shall use its own or their own personal and independent funds.

(e) Under the rulings made above as to exception No. 6, the court erred as contended in exception No. 7, in reserving jurisdiction to reinstate the receivership in the event the named insurance company shall hereafter give to the court notice of its intention to foreclose its lien on the hotel property. Since the condition imposed as to paying off the loan in full was itself erroneous as indicated above, it necessarily follows that the receivership could in no event be reinstated for a violation of such condition. Whether or not the petition for receivership could have been amended at that stage, no other additional grounds for receivership were thus added, and under the record as it then existed before the trial judge, the law of the case did not authorize reservation of jurisdiction to reinstate the receivership on grounds as stated in this portion of the order; although the court would have been authorized to reserve jurisdiction for the purpose of enforcing any valid orders passed, and for the purpose of passing any further or additional orders in the event of facts subsequently arising affecting the status quo, which the court might in the exercise of its sound discretion consider necessary to preserve the status quo and protect the interest of all the parties concerned, within contemplation of paragraph *"e"* of the defendant's offer. The court did as a matter of fact reserve jurisdiction "to enter such other and further orders as may be meet and proper," to which reservation there is no exception.

*Judgment affirmed in part, and reversed in part, in both cases. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16045, 16046. JANUARY 13, 1948. REHEARING DENIED FEBRUARY 12, 1948.

*James F. Cox, William G. Grant, Grant, Wiggins, Grizzard & Smith,* and *Lokey & Bowden* for The Arlington Corporation.

*Powell, Goldstein, Frazer & Murphy, A. B. Conger, Vance Custer, W. H. Miller,* and *H. G. Bell,* for Willis *et al.*

*Moise, Post & Gardner,* for Torbert.

*Moise, Post & Gardner, Henry A. Stewart, Sapp & Erwin, J. N. Peacock Jr., William C. McLean, Leonard Farkas & Walter H. Burt, Beck, Goodrich & Beck, James E. Morrisette, McQueen & McQueen, Sam Brown Lippitt, Reuben Wright,* and *Wright & McQuire,* for persons at interest, not parties to record.