WILLIS *et al. v.* THE ARLINGTON CORPORATION *et al.*

DUCKWORTH, Presiding Justice. On February 21, 1947, the trial court, after hearing evidence detailing the manner, method and time of the incorporation of The Arlington Corporation, as well as the identity of the incorporators, and after the corporation had by its pleadings offered to give bond and consent to an injunction or other orders which the court might deem necessary for the preservation of the property involved, appointed a receiver, and this court on June 12, 1947, in *Irwin* v. *Willis,* 202 *Ga.* 463 (43 S. E. 2d, 691), reversed that judgment on the condition that the defendant, The Arlington Corporation, fulfill its offer and give bond. Thereafter, on September 26, 1947, the court entered judgment providing that the receivership be dissolved upon the execution of a bond by the defendant in the amount of $50,000, but specifying a number of conditions that must be embodied in the bond. On January 13, 1948, in *Arlington Corporation* v. *Willis,* 203 *Ga.* 310 (46 S. E. 2d, 259), in an opinion pointing out wherein the conditions required of the bond were not included in the offer upon which the former reversal was based, this court reversed in part and affirmed in part the judgment of the trial court. Thereupon the petitioners filed an amendment in the trial court, alleging in substance the same matters relating to the organization of the defendant corporation as were shown by the evidence introduced by them upon the first trial, and praying that the receivership be unconditionally continued. It was stipulated upon the hearing that the holder of the security deed on the hotel building had started foreclosure proceedings and that the defendant intended to resist the sale by foreclosure. Evidence was introduced, as upon the first trial, showing the value of the building and the amount of the loan secured, thus showing that there would be a surplus of three or four hundred thousand dollars above the secured debt. The court entered judgment on January 13, 1948, denying the prayers of the amendment and fixing the amount of the bond at $50,000, and ordering the receivership dissolved upon the execution and approval of the bond. The order further recited that the court reserved jurisdiction in the event of sale under foreclosure to entertain, prior to such sale, motions of any party at interest and to enter such orders as may be necessary to preserve and protect the interests of all the parties to any surplus fund arising from the sale of the hotel property. The exception here is to that order. *Held:*

All questions now urged in criticism of the judgment except that of protecting any surplus fund from a sale have heretofore been considered and passed upon. The retention of jurisdiction by the trial court for the purpose of protecting the interests of the parties in any such surplus fund affords complete protection to the petitioners. Therefore, the exception is without merit.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16324. SEPTEMBER 7, 1948.

Powell, Goldstein, Frazer & Murphy, A. B. Conger, Vance Custer, W. H. Miller, H. G. Bell, and Newell Edenfield, for plaintiffs in error.

William G. Grant, Lokey & Bowden, Carl Copeland, Arnold, Gambrell & Arnold, Smith, Partridge, Field & Doremus, Mac-Dougald, Troutman, Sams & Branch,. Herbert Johnson, Calhoun & Calhoun, Smith, Kilpatrick, Cody, Rogers & McClatchey, Joseph F. Haas, Heyman, Howell & Heyman, W. S. Northcutt, Clifford Walker, J. C. Savage, J. C. Murphy, and F. L. Eyles, contra.